## S98A1950. IN THE MATTER OF INQUIRY CONCERNING A JUDGE NO. 98-60.

(508 SE2d 383)

PER CURIAM.

A confidential investigation conducted by the Judicial Qualifications Commission ("JQC") revealed evidence of misconduct by the then Chief Magistrate of White County, Georgia, Maylon K. London ("Respondent"). Once informed of the investigation, Respondent requested an opportunity to resolve the JQC's inquiry without formal proceedings. Thereafter, Respondent officially resigned his position as Chief Magistrate of White County and entered orders assigning all actions then pending before him to other Magistrate Judges. He also resigned as Municipal Court Judge of Cleveland, Georgia, and has performed no judicial duties in any Georgia court since approximately May 29, 1998. A consent agreement has been reached between officers of the JQC and Respondent, which the JQC recommends be entered by this Court as the final disposition of this matter. This Court accepts that recommendation.

Therefore, pursuant to the terms of a JQC Rule 4 (d) agreed-upon disposition between Maylon K. London and the JQC, and with the express written consent of all parties, it is hereby ordered that Maylon K. London, formerly Chief Magistrate of White County, Georgia, and Judge of the Municipal Court of Cleveland Georgia, is forever barred from again seeking or holding any elective or appointive judicial office in this State. It is further ordered that the JQC's Report of Disposition be approved and said Report, together with this

ruling, be published in the Official Reports of this Court.

*Permanently barred from holding judicial office. All the Justices concur.*

BEFORE THE JUDICIAL QUALIFICATIONS COMMISSION
STATE OF GEORGIA
INQUIRY CONCERNING A JUDGE NO. 98-60 DOCKET NO. 98-60
JUDGE MAYLON K. LONDON

REPORT OF DISPOSITION PURSUANT
TO
COMMISSION RULE 4(d)

This matter originated when a sitting Superior Court Judge, acting pursuant to the provision of Canon 3D, reported serious acts of misconduct by the then Chief Magistrate of White County, Georgia, Judge Maylon K. London ("Respondent"). The misconduct was not alleged to have occurred while Respondent was acting in a judicial capacity but rather as a pro se litigant in a civil lawsuit in which he was a defendant and third-party plaintiff.

Upon receipt of this report, the Commission caused a confidential investigation to be conducted which produced evidence substantiating the original reported conduct as well as evidence of additional misconduct by Respondent while serving as Judge of the Municipal Court of Cleveland, Georgia.

Thereafter, by letter dated April 23, 1998, the Commission, acting pursuant to the provisions of Rule 4, advised Respondent of its investigation and of his right to appear before the Commission and make such statement as he considered desirable.

By letter dated May 5, 1998, Respondent advised the Commission respecting his position and requested an opportunity to resolve this matter without the necessity of Formal Proceedings. Subsequently, by letter dated May 18, 1998, to Honorable Zell Miller, Respondent resigned as Chief Magistrate of White County and entered Orders assigning all pending civil and criminal matters to other Magistrate Judges. On or about May 29, 1998, Respondent also resigned as Judge of the Municipal Court of Cleveland, Georgia, and has performed no judicial duties in any court since that date.

Following these events, Counsel for the Respondent proposed that this matter be concluded pursuant to Rule 4(d) with an agreed upon disposition consisting of the following terms and conditions:

(1) The Notice of Formal Proceedings attached hereto as Exhibit "A" shall be filed with the Clerk of this Court as a public document pursuant to Commission Rule 5 (b);

(2) Respondent shall acknowledge service of said Notice of Formal Proceedings and expressly waive any and all other service, hearing or right granted under applicable Commission Rules; and

(3) Respondent and the Commission shall jointly execute a Consent Order permanently barring Maylon K. London from ever again seeking or holding elective or appointed judicial office in the state and shall jointly request and urge the Supreme Court to approve and make said order the Final Order of the Court.

After careful consideration, the Commission unanimously agreed to the proposed disposition. In so doing, the Commission attempted to balance its responsibility to the public to insure an honorable and independent judiciary against its responsibility to deal fairly and humanely with a judge who has recognized his improprieties; resigned from office; and agreed to never again seek or hold elective or appointive judicial office in the State, and concluded that the agreed-upon disposition was fair and just to all concerned.

Such disposition is permitted under Rules 14(a)(2) and (7) and allows the public to know that sanctions have been imposed while at the same time not subjecting the Judge to further public embarrassment by revealing the details of the conduct giving rise to the institution of this proceeding.

This Report of Disposition is submitted for filing in the public records of this Court, and this Court is respectfully urged to enter the attached Consent Order as its Final Order.

This *1st* day of September, 1998

JUDICIAL QUALIFICATIONS COMMISSION

By: Earle B. May, Jr., Director

BEFORE THE COMMISSION
ON JUDICIAL QUALIFICATIONS
INQUIRY CONCERNING A JUDGE #98-60
NOTICE OF FORMAL PROCEEDINGS

This is to notify you that the Judicial Qualifications Commission has concluded that formal proceedings should be instituted for the purpose of determining whether you committed the acts enumerated below, and, if so, whether you were guilty of willful misconduct in office or conduct prejudicial to the administration of justice which brings the judicial office into disrepute:

## I.

Whether you have failed to operate the Municipal Court of Cleveland, Georgia, and / or the Magistrate Court of White County and perform your judicial duties in said courts in the manner prescribed by law and used the power and prestige of your office to advance the private interests of others by summarily dismissing pending cases without notifying and / or hearing testimony from law enforcement officers issuing the original citation.

## II.

Whether such conduct constitutes a blatant disregard of laws you are sworn to uphold and irresponsible or improper conduct which erodes public confidence in the judiciary and adversely affects the administration of the offices you hold, as well as the rights and interest of the public.

## III.

Whether such conduct is in violation of that portion of Canon 1 of the 1994 Code of Judicial Conduct which provides:

Judges shall participate in establishing, maintaining and enforcing high standards of conduct, and shall personally observe such standards of conduct so that the integrity . . . of the judiciary may be preserved. . . .

and/or Canon 2A of said Code which provides:

Judges shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity . . . of the judiciary . . . .

And, if so, whether such conduct, or any of it, otherwise constitutes a violation of the 1994 Code of Judicial Conduct for which you should be appropriately sanctioned.

This 1st day of September, 1998.

JUDICIAL QUALIFICATIONS COMMISSION
By: *John E. James, Chair*

ATTEST:
Earle B. May, Jr., Director

Decided October 14, 1998.

*Earle B. May, Jr.,* for Judicial Qualifications Commission.
*McDonald & Cody, Douglas W. McDonald, Sr.,* for London.